Nos. 25-14507, 26-10674

In the
United States Court of Appeals
for the Eleventh Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY AND AMERICAN
OVERSIGHT,

Interested Parties-Appellants,

DONALD J. TRUMP, WALTINE NAUTA,
and CARLOS DE OLIVEIRA

Defendants-Appellees.

On Appeal from the United States District Court for the
Southern District of Florida, No. 23 Cr. 80101 (Cannon, J.)

**DEFENDANTS-APPELLEES' RESPONSE IN OPPOSITION
TO APPELLANTS' MOTION TO CONSOLIDATE
APPEALS AND MODIFY BRIEFING SCHEDULE**

Richard C. Klugh
Jenny Wilson
KLUGH WILSON, LLC
*Counsel for Defendant-Appellee
Waltine Nauta*

John S. Irving, IV
SECIL LAW PLLC
*Counsel for Defendant-Appellee
Carlos De Oliveira*

Kendra L. Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Defendant-Appellee
President Donald J. Trump*

# DEFENDANTS-APPELLEES' RESPONSE IN OPPOSITION TO APPELLANTS' MOTION TO CONSOLIDATE APPEALS AND MODIFY BRIEFING SCHEDULE

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1, Defendants-Appellees President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, by and through the undersigned counsel, hereby respectfully submit this Response in Opposition to Knight First Amendment Institute at Columbia University's ("Knight Institute") and American Oversight's Motion to Consolidate Appeals and Modify Briefing Schedule.

## I. INTRODUCTION

Appellants Knight Institute and American Oversight seek to consolidate two distinct appeals challenging separate denials by the District Court of their motions to intervene, and to compress briefing on the appeal of the second denial into a matter of a few weeks. This Court should deny both requests. Consolidation of Appellants' appeals from separate orders would risk confusing the Court's consideration of jurisdiction pursuant to this Circuit's "anomalous rule" governing intervention-denial appeals. Meanwhile, the unusually compressed schedule proposed by Appellants would prejudice Appellees without any meaningful justification—particularly in light of the District Court's February 23, 2026, Order denying any relief that would alter the *status quo* as the appeals proceed. Put simply, there is nothing about Appellants' intervention

1

appeals, or the District Court's actions on February 23, 2026, that warrants this Court's deviation from regular order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2025, the District Court denied Appellants' motions to intervene in *United States v. Trump, et al.*, No. 23 Cr. 80101 (S.D. Fla.), holding that Appellants lacked any basis to intervene in the criminal case to pursue Freedom of Information Act ("FOIA")-based interests or common-law and First Amendment access theories. D. Ct. Doc. 760.[1] By separate order, the District Court also directed that the order enjoining release of Volume II of the Special Counsel's Report ("Volume II") would automatically expire on February 24, 2026. D. Ct. Doc. 761 at 2. Petitioners appealed the December 22, 2025, denial of intervention on December 23 and December 29, 2025. D. Ct. Docs. 762 & 763. They do not purport to appeal the separate order regarding expiration of the then-existing protections on release of Volume II.

The current briefing schedule in the first intervention appeal is set by the Court's February 4, 2026, Order granting Appellants' motion for expedited

---

[1] "D. Ct. Doc." citations refer to the District Court's docket in the underlying criminal case, *United States v. Trump, et al.*, No. 23 Cr. 80101 (S.D. Fla.). "DE" citations refer to the docket in the first intervention appeal, *United States v. Knight First Amendment Instit. at Columbia Univ., et al.*, No. 25-14507 (11th Cir.). "ECF" citations refer to the docket in this intervention appeal, *United States v. Knight First Amendment Instit. at Columbia Univ., et al.*, No. 26-10674 (11th Cir.).

2

appeal. DE 37.  The Order directed that Appellants' initial briefs were due February 9, 2026, and Appellees' response briefs are due 30 days after filing of the last initial brief. *Id*. at 2.  Appellants Knight Institute and American Oversight filed their initial briefs on the due date, rendering Appellees' response briefs due March 11, 2026.[2]  Reply briefs are due 14 days after filing of the last response brief, *see* DE 37 at 2, and oral argument has been scheduled for the week of June 22, 2026. *See* DE 48.

Within minutes of filing Knight Institute's initial brief on February 9, 2026, Appellants filed in the District Court a Joint Expedited Motion to Intervene for the Purpose of Seeking a Stay of Proceedings in the District Court. *See* D. Ct. Doc. 775.  Appellants sought a stay of all District Court proceedings pending this Court's resolution of their intervention appeals. *Id*. at 10.  Appellants also filed a Petition for Writ of Mandamus with this Court on February 13, 2026, seeking the same stay of all District Court proceedings. *See* Petition for Writ of Mandamus, *In re: Knight First Amendment Institute at*

---

[2] The Court issued a Briefing Deficiency Notice directed to Appellant American Oversight on February 10, 2026. DE 40.  The Notice states that "[t]he time for filing of the opposing party's brief runs from the date of service of the conditionally filed brief and is unaffected by the later substitution of a corrected brief." *Id*. at 1 (citing 11th Cir. R. 32-3).  American Oversight filed a corrected brief on February 11, 2026. DE 41.

3

*Columbia University, et al.*, No. 26-10503 (Feb. 13, 2026). On February 18, 2026, Appellants moved for expedited consideration of their mandamus petition. *See* Expedited Motion to Expedite Consideration of Petition for Writ of Mandamus, *In re: Knight First Amendment Institute at Columbia University, et al.*, No. 26-10503 (Feb. 18, 2026). Defendants-Appellees opposed each of these requests.

On February 23, 2026, the District Court denied Appellants' Joint Motion to Intervene for the Purpose of Seeking Stay, finding no basis to authorize nonparty intervention. *See* D. Ct. Doc. 780. By separate order, the District Court also ruled on pending motions filed by President Trump and Messrs. Nauta and De Oliveira in January 2026. *See* D. Ct. Doc. 779.[3] That order maintained the existing protections against release of Volume II, while denying "[a]ny additional relief," such as destruction of Volume II, that would change the *status quo* during the pendency of the intervention appeals. D. Ct. Doc. 779 at 14-15 & n.6.

---

[3] Defendants-Appellees filed the referenced motions, D. Ct. Docs. 772 & 774, in response to a separate order of the District Court on December 22, 2025, which is not the subject of this appeal, directing that "[t]he restriction on release of Volume II [of Jack Smith's Final Report] . . . as set forth in the Court's January 21, 2025, Order [D. Ct. Doc. 714] will hereby automatically expire, without further order of this Court, on **February 24, 2026**." D. Ct. Doc 761 (emphasis in original).

4

Defendants-Appellees filed a Motion for Extension of Time to File Response Briefs in the pending December 22, 2025, intervention-denial appeal, seeking a thirty (30) day extension to April 10, 2026. *See* DE 51 at 12. Appellants have since appealed the District Court's February 23, 2026, intervention denial, D. Ct. Docs. 783 & 784, and seek to consolidate that appeal with the pending December 22, 2025, intervention appeal. ECF 4; DE 55. They also request an expedited briefing schedule that would permit Appellees only fourteen (14) days to file responsive briefs, by April 1, 2026. ECF 4 at 3-4; *see also* DE 54 at 2.

## III. ARGUMENT

### A. Consolidation Would Risk Confusing The Court's Separate Jurisdictional Analysis Under The Anomalous Rule

The Eleventh Circuit recognizes an anomalous rule governing appellate jurisdiction over denials of intervention, which permits only "provisional jurisdiction to determine whether the District Court properly denied intervention." *United States v. Couch*, 906 F.3d 1223, 1225 (11th Cir. 2018) (cleaned up). "If the district court was correct in denying the motion to intervene, this court's jurisdiction evaporates and we must dismiss the appeal for want of jurisdiction." *Davis v. Butts*, 290 F.3d 1297, 1299 (11th Cir. 2002). This analysis requires careful, separate consideration of jurisdictional questions arising from each denial of intervention.

Consolidating the February 23, 2026, denial appeal with the December 22, 2025, denial appeal risks merging two distinct jurisdictional inquiries into a single briefing schedule, potentially confusing or otherwise complicating the boundaries of the Court's authority and the proper scope of review for each denial. *See Jain v. Myers*, 2024 U.S. App. LEXIS 217, at *10-11 (11th Cir. Jan. 4, 2024) (courts must consider whether the specific risks of prejudice and confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues); *see also Willows Account, LLC v. AG/ICC Willows Loan Owner, LLC (In re Carefree Willows LLC)*, 2014 U.S. Dist. LEXIS 76872, at *5-6 (D. Nev. May 28, 2014) (denying consolidation where "the legal questions are distinct" and "each appeal also raises distinct factual questions").

The District Court's December 22, 2025, denial rested on its determination that Appellants lacked any basis to intervene in the criminal proceedings to seek recission and/or dissolution of the January 21, 2025, Order enjoining release of Volume II. *See* D. Ct. Doc. 760 at 18. The February 23, 2026, denial, in contrast, addressed Appellants' separate request to intervene for the purpose of seeking a stay of all District Court proceedings until the resolution of their intervention appeals (including the District Court's consideration of then-pending motions relating to the expiration of the January 21, 2025, Order).

*See* D. Ct. Doc. 780 at 2 & n.1 (observing that Appellants did not seek a stay of the December 22, 2025, intervention denial).

Unlike the inapposite cases presented by Appellants in support of consolidation, these denials present distinct procedural postures, separate records, and potentially different standards of review that warrant independent consideration by this Court. *Cf. Legal Envtl. Assistance Found., Inc. v. United States EPA*, 400 F.3d 1278, 1279 (11th Cir. 2005) (consolidating petitions for review where "two cases are factually similar and procedurally identical"); *United States v. Mills*, 613 F.3d 1070, 1071 (11th Cir. 2010) (consolidating appeals "because they raise the same issue").[4]

Here, consolidation would force the Court to address both denials in a single consolidated briefing, risking confusion about which jurisdictional questions are governed by which record and which issues depend on the broader questions of access, intervention rights, and the District Court's supervisory powers. Maintaining separate appellate tracks would preserve the Court's ability to adjudicate jurisdiction on the unique record of each denial, and avoid cross-impact between distinct rulings.

---

[4] Appellants also cite the clerk's authorities under Eleventh Circuit Rules 12-2 and 27-1(c)(4) in support of their request for consolidation. *See* ECF 4 at 8. However, each of those rules specifically relates to the clerk's authority when consolidation is, unlike here, **unopposed**.

7

### B. The Court's Discretion And Efficiency Interests Favor Separate Consideration

This Court has broad discretion to manage its docket and determine the order in which appeals are heard and decided. *See* Fed. R. App. P. 3(b), 26(b), 31(a). While consolidation may promote efficiency in some contexts, it would undermine efficiency here by requiring the Court to navigate two related, yet legally distinct challenges in a single consolidated record and briefing schedule. The Court's efficiency interests are best served by maintaining separate tracks that allow for clear, focused briefing on the distinct jurisdictional, procedural, and factual questions presented by each intervention denial.

Separate consideration would ensure that the Court can resolve each distinct issue with the appropriate record and standard of review. In short, consolidation would not simplify the Court's review, but would instead complicate it by forcing simultaneous briefing on matters that raise separate jurisdictional questions and potentially different analytical frameworks.

### C. Appellants' Proposed Briefing Schedule Lacks Justification

Appellants seek an expedited briefing schedule that would consolidate briefing, and compress initial briefing on the second appeal into a matter of days. *See* ECF 4 at 3-4 (requesting a March 18, 2026, due date for Appellants' supplemental opening briefs, and an April 1, 2026, due date for Appellee's response briefs for the consolidated appeals). This request intentionally and

8

unnecessarily undercuts Respondents' pending motion in the first intervention appeal for a 30-day extension to file response briefs. *See* DE 51 at 12 (making a reasonable, first request for an extension of 30 days in light of Appellants' persistent motion practice in the District Court and in the various related proceedings before this Court).

Despite Appellants' hair-on-fire approach of repeatedly filing appeals, mandamus petitions, and expedition requests, there is nothing about the intervention appeals that warrants a compressed and expedited schedule. The District Court has already denied any relief that would change the *status quo* as the appeals progress. That alone demonstrates the lack of urgency in these appeals. Petitioners have not, and cannot, demonstrate that their asserted access rights would be irreparably harmed by a more regular briefing schedule. Nor have they identified any reasonable basis to believe that the appeals will be, or even could be, mooted if briefing proceeds in regular order.

An expedited briefing schedule would, however, misallocate the Court's resources and undermine its jurisdictional analysis by forcing rapid briefing on the complex questions and procedural issues implicated in these appeals. The Court should, on this basis alone, deny Appellants' requested briefing schedule, even if consolidating the intervention appeals, which should not occur.

### D. Consolidation And Expedited Briefing Would Prejudice Defendants-Appellees

Defendants-Appellees have filed a motion for extension of time to file response briefs in the pending December 22, 2025, intervention denial appeal, seeking a 30-day extension through April 10, 2026. Appellants' proposed briefing schedule for consolidated appeal would require Defendants-Appellees to brief both appeals simultaneously, while also engaged in motion practice, and well before the Court has ruled on their pending motion for an extension.

This request would deprive Appellees, including the United States, of the opportunity to fully brief the distinct issues presented by each denial and would prejudice their ability to respond to the jurisdictional and procedural questions raised by Appellants. Consolidation would further prejudice Appellees by forcing them to address two distinct denials in a single consolidated briefing, likely obscuring the separate jurisdictional questions, and complicating their ability to present clear, focused arguments on each denial.

### E. If Consolidation Is Granted, An Alternative Briefing Schedule Is Necessary To Minimize The Risks Of Confusion And Prejudice

Defendants-Appellees submit that, if the Court consolidates these distinct intervention appeals, which it should not, an alternative briefing schedule would be necessary to minimize the risks of confusion and prejudice. Defendants-

10

Appellees therefore respectfully propose the following alternative schedule for briefing in the event, which should not occur, of a consolidated appeal:

- <u>April 1, 2026</u>: Supplemental opening briefs—not to exceed 6,500 words;

- <u>May 1, 2026</u>: Response briefs—not to exceed 19,500 words;

- <u>May 22, 2026</u>: Reply briefs—not to exceed 9,750 words;

- <u>Oral Argument</u>: An available calendar after the week of June 22, 2026.[5]

## IV.  CONCLUSION

For the foregoing reasons, Defendants-Appellees respectfully request that this Court deny Appellants' request to consolidate the February 23, 2026, intervention appeal with the pending December 22, 2025, intervention appeal, and deny Appellants' request to modify the briefing schedule to require expedited briefing on both appeals. Defendants-Appellees alternatively request

---

[5] *See* 11th Cir. R. 31-1(b) ("When a motion to consolidate appeals is filed or is pending *after* an appellant has served and filed a brief in any of the appeals which are the subject of such motion, the due date for filing appellee's brief shall be postponed until the court rules on such motion.  If the motion is granted, the appellee . . . shall serve and file a brief in the consolidated appeals within 30 days after the date on which the court rules on the motion, or within 30 days after service of the last appellant's brief, *whichever is later*." (emphasis added)).

11

that, if consolidation is granted, which it should not, the Court adopt their proposed schedule.

Dated: March 6, 2026

By: /s/ Kendra L. Wharton
Kendra Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Defendant-Appellee President Donald J. Trump*

/s/ John S. Irving, IV
John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave. NW, Ste. 200
Washington, DC 20006
(301) 807-5670
jirving@secillaw.com
*Counsel for Defendant-Appellee Carlos De Oliveira*

/s/ Richard C. Klugh
Richard C. Klugh
Jenny Wilson
KLUGH WILSON, LLC
40 N.W. 3rd Street, PH1
Miami, FL 33128
(305) 536-1191 (telephone)
(305) 536-2170 (facsimile)
rklugh@klughwilson.com
jenny@klughwilson.com
*Counsel for Defendant-Appellee Waltine Nauta*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPESTYLE REQUIREMENTS

I, Kendra L. Wharton, counsel for Defendant-Appellee President Donald J. Trump and a member of the Bar of this Court, certify, pursuant to Federal Rules of Appellate Procedure 27(d), 32(a), and 32(g), that the foregoing response is proportionately spaced, has a typeface of 14 points, and contains 2,465 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

March 6, 2026

By: /s/ Kendra L. Wharton
Kendra L. Wharton

## CERTIFICATE OF SERVICE

I, Kendra L. Wharton, counsel for Defendant-Appellee President Donald J. Trump and a member of the Bar of this Court, certify that, on March 5, 2026, the attached response was filed through the Court's electronic filing system. I certify that all participants in the case are registered users with the electronic filing system and that service will be accomplished by that system.

March 6, 2026

                                      By:   /s/ Kendra L. Wharton
                                                Kendra L. Wharton