**Nos. 25-14507, 26-10674**

---

**In the United States Court of Appeals
for the Eleventh Circuit**

---

UNITED STATES OF AMERICA, *Plaintiff–Appellee*,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY AND AMERICAN OVERSIGHT,

*Interested Parties–Appellants*,

DONALD J. TRUMP, WALTINE NAUTA, and CARLOS DE OLIVEIRA

*Defendants–Appellees*.

---

On Appeal from the United States District Court for the Southern District of
Florida, No. 23-cr-80101 (Cannon, J.)

---

**APPELLANTS' JOINT MOTION TO EXPEDITE CONSIDERATION OF
PENDING MOTION TO CONSOLIDATE APPEALS**

---

Loree Stark
Daniel Martinez
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
    Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131
(305) 728-0950

David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
(305) 964-8003

*Counsel for Petitioner American
Oversight*

*Counsel for Petitioner Knight First
Amendment Institute at Columbia
University*

Pursuant to 28 U.S.C. § 1657(a), Federal Rule of Appellate Procedure 27, and Eleventh Circuit Rule 27-1 Internal Operating Procedure 3, Interested Parties–Appellants Knight First Amendment Institute at Columbia University ("Knight Institute") and American Oversight (together, "Appellants") respectfully and jointly move for expedited consideration of their pending Joint Motion to Consolidate Appeals and Modify Briefing Schedule, ECF No. 55 (filed March 5, 2026); for entry of a consolidated briefing schedule upon consolidation; and for the Court to set these appeals for oral argument at the earliest available calendar.[1]

Appellants ask that the Court rule on the pending motion to consolidate promptly, and, in conjunction with that ruling, enter the updated consolidated briefing schedule set forth below and restore these appeals to an expedited oral-argument calendar. The expedited consideration the Knight Institute previously sought—and that this Court already found warranted—has been frustrated by the pendency of the consolidation motion itself, which under Eleventh Circuit Rule 31-1 has automatically suspended briefing in No. 25-14507. As a result, the appeal that this Court ordered expedited has stood still for nearly two months, and the Court has

---

[1] "ECF" citations refer to this Court's docket. "Dkt." citations refer to the district court's docket in the underlying case, *United States v. Trump*, No. 23-cr-80101 (S.D. Fla.). The Motion to Consolidate Appeals was filed separately in both appeals, No. 25-14507 and No. 26-10674. For simplicity, we will refer to the ECF filings in the first appeal, No. 25-14507, unless otherwise noted.

now removed it from the June 22, 2026 oral argument calendar that the expedited briefing schedule was designed to meet. Prompt action is necessary to vindicate the rights of timely access that animate these appeals and that this Court has already recognized warrant expedition.

Plaintiff–Appellee the United States and Defendants–Appellees Walt Nauta, Carlos De Oliveira, and Donald Trump oppose this motion.

## PRELIMINARY STATEMENT

These appeals concern Appellants' statutory, common law, and First Amendment rights of access to Volume II of Special Counsel Jack Smith's final report on his investigations and prosecutions of President Trump—a document of extraordinary public importance. This Court has already concluded that the district court unduly delayed its adjudication of Appellants' initial motions to intervene to assert public rights of access to Volume II. *In re Knight First Amend. Inst.*, No. 25-13403, ECF No. 11 (11th Cir. Sept. 30, 2025); *In re Am. Oversight*, No. 25-13400, ECF No. 11 (11th Cir. Sept. 30, 2025). On January 30, 2026, this Court granted the Knight Institute's motion to expedite the first appeal (No. 25-14507) by setting an expedited briefing schedule and setting oral argument for the first available calendar—the week of June 22, 2026. ECF Nos. 37, 48. Appellants filed their opening briefs on February 9, 2026. ECF Nos. 38 & 39.

That schedule has now collapsed, not because of any action by Appellants but because of the procedural posture created by the district court's subsequent rulings, on February 23, 2026, granting Defendants–Appellees' unopposed motions to permanently enjoin the release of Volume II, Dkt. 779, and denying Appellants' second motion to intervene, which sought a stay of proceedings pending appeal and argued that the district court lacked jurisdiction to rule on Defendants–Appellees' motions. Dkt. 780. Those rulings necessitated a second round of appeals (No. 26-10674), and the pending motion to consolidate, ECF No. 55 (March 5, 2026). Briefing on the motion to consolidate was complete on March 10, 2026. *See* ECF No. 57.

In the nearly eight weeks since, no further filings have been made in either appeal. Under Eleventh Circuit Rule 31-1, the filing of the motion to consolidate after Appellants filed their opening briefs in No. 25-14507 automatically postponed the due date for Appellees' response briefs "until the court rules on such motion." 11th Cir. R. 31-1(b). On March 24, 2026, the Clerk entered a briefing schedule in No. 26-10674, ECF No. 26, but then rescinded it because "the motion to consolidate appeals remains pending," ECF No. 27. And on April 9, 2026, the Court removed No. 25-14507 from the oral argument calendar for the week of June 22, 2026. *See* ECF No. 63.

The result is that the appeal this Court ordered expedited on January 30, 2026 has not advanced for nearly two months, and the second appeal—which raises the same core legal questions—has not gotten off the ground at all. Each additional week the motion to consolidate remains pending pushes oral argument further into the future and prolongs the suppression of Volume II. The rights of timely access on which these appeals turn necessarily encompass the right of timely adjudication of access claims. *See Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). Good cause for expedited consideration of the motion to consolidate is plain.

## ARGUMENT

### I.    The Court should promptly rule on the pending motion to consolidate.

The "good cause" standard for expedition under 28 U.S.C. § 1657(a) and 11th Cir. R. 27-1 IOP 3 is amply satisfied here, for three reasons.

***First***, this Court has already determined that good cause exists to expedite resolution of the underlying access questions. ECF No. 37 (granting motion to expedite No. 25-14507). The grounds the Court credited in granting expedition in January 2026 apply with equal or greater force now. The legal questions remain the same; the factual record remains uncomplicated; and the public's interest in prompt access to Volume II has, if anything, intensified since January, with the district court's February 23 entry of a permanent injunction adding another layer of suppression that Appellants now seek to challenge. *See* Dkt. 779. The need for

expedition does not diminish merely because a procedural prerequisite—consolidation—remains to be resolved. To the contrary: it is the absence of a ruling on consolidation that is now standing in the way of the expedited disposition this Court already ordered.

*Second*, the rights of access at the heart of these appeals encompass a right to *prompt adjudication* of access motions, in recognition of the fact that the postponement of disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression. *See Doe*, 749 F.3d at 272; *Lugosch v. Pyramid Co.*, 435 F.3d 110, 126–27 (2d Cir. 2006); *In re Associated Press,* 162 F.3d 503, 506–07 (7th Cir. 1998). The need for expedition is heightened by the extraordinary significance to the public of the record being suppressed here.

*Third*, this Court has already found "undue delay" in the district court's adjudication of these access questions. *In re Knight First Amend. Inst.*, No. 25-13403, ECF No. 11; *In re Am. Oversight*, No. 25-13400, ECF No. 11. Although the present delay is of a different character, the cumulative effect on Appellants and the public is the same. Appellants' original motions to intervene were filed in February 2025. More than fourteen months later, Appellants have yet to obtain merits review of any of their access claims. The expedited schedule this Court entered in January in No. 25-14507 was designed to bring that delay to a close. Resolving the motion to consolidate promptly is a necessary step in honoring that purpose.

**II.    The Court should enter a consolidated briefing schedule and restore these appeals to the earliest available argument calendar.**

The proposed briefing schedule in the March 5, 2026 motion to consolidate—supplemental opening briefs due March 18, response briefs due April 1, and reply briefs due April 15—is no longer workable; all three dates have passed. To preserve the expedited posture this Court already ordered, Appellants respectfully propose, upon consolidation, the following revised consolidated schedule, calculated from the date of the Court's order:

- Appellants' supplemental opening briefs (not to exceed 3,000 words each): 14 days after the Court's order on consolidation;

- Appellees' response briefs (each addressing the original and supplemental opening briefs; not to exceed 16,000 words each): 21 days after the last supplemental opening brief; and

- Appellants' reply briefs (not to exceed 10,000 words each): 14 days after the last response brief.

Under this schedule, briefing would be complete within approximately seven weeks of the Court's order on consolidation, restoring the expedited character of these proceedings. The schedule will not prejudice Appellees, as they will have adequate notice to prepare and file their response briefs. Appellants' opening briefs in the first appeal were filed almost three months ago, on February 9, 2026, *see* ECF Nos. 38 and 39, and Defendants–Appellees requested an extension until April 10 to

6

file their response briefs in that appeal, *see* ECF. No. 51. And in their March 6, 2026 opposition to the motion to consolidate, Defendants–Appellees asked that if the Court granted the motion, it set May 1, 2026 as the deadline for their response briefs. *See* ECF No. 56.

Appellants further request that, upon entry of a consolidated schedule, the Court set these appeals for oral argument at the earliest available calendar following the close of briefing, whether at a regularly scheduled sitting or at a special sitting.

## III. In the alternative, the Court should enter parallel expedited briefing schedules.

If the Court denies the pending Motion to Consolidate, Appellants respectfully request that the Court promptly enter parallel expedited briefing schedules in both appeals and set them for oral argument before the same panel at the earliest available calendar. The two appeals arise from the same underlying proceeding, involve identical parties and prospective intervenors, and present substantially overlapping legal questions. *See* ECF No. 55 at 1–2. Even absent formal consolidation, parallel scheduling and assignment to the same panel would promote judicial economy, ensure consistent resolution of the common legal questions, and preserve the expedited character of these proceedings that this Court has already determined is warranted. *See* ECF No. 37.

**CONCLUSION**

For the foregoing reasons, Appellants respectfully request that the Court (1) expedite consideration of the pending Joint Motion to Consolidate Appeals and Modify Briefing Schedule, ECF No. 55; (2) upon consolidation, enter the revised briefing schedule proposed above; (3) set the consolidated appeals for oral argument at the earliest available calendar; and (4) in the alternative, enter parallel expedited briefing schedules in both appeals and assign the appeals to the same panel for argument at the earliest available calendar.

May 5, 2026

Respectfully submitted,

 /s/ Loree Stark

Loree Stark
Daniel Martinez
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org

 /s/ Scott Wilkens

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
    Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131
Tel: (305) 728-0950
bllanes@gsgpa.com

*Counsel for Petitioner American Oversight*

David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
(305) 964-8003

*Counsel for Petitioner Knight First Amendment Institute at Columbia University*

8

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 1,700 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: May 5, 2026                    */s/ Scott Wilkens*
                                      Scott Wilkens

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: May 5, 2026                              */s/ Scott Wilkens*
                                                                 Scott Wilkens