Nos. 25-14507, 26-10674

_____

**In the United States Court of Appeals
for the Eleventh Circuit**

_____

UNITED STATES OF AMERICA, *Plaintiff–Appellee*,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY AND AMERICAN OVERSIGHT,

*Interested Parties–Appellants*,

DONALD J. TRUMP, WALTINE NAUTA, and CARLOS DE OLIVEIRA

*Defendants–Appellees*.

_____

On Appeal from the United States District Court for the Southern District of
Florida, No. 23-cr-80101 (Cannon, J.)

_____

**APPELLANTS' REPLY IN SUPPORT OF JOINT MOTION TO EXPEDITE
CONSIDERATION OF MOTION TO CONSOLIDATE APPEALS**

_____

Loree Stark
Daniel Martinez
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
   Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131
(305) 728-0950

David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
(305) 964-8003

*Counsel for Petitioner American
Oversight*

*Counsel for Petitioner Knight First
Amendment Institute at Columbia
University*

Pursuant to 28 U.S.C. § 1657(a), Federal Rule of Appellate Procedure 27, and Eleventh Circuit Rule 27-1 Internal Operating Procedure 3, Interested Parties–Appellants Knight First Amendment Institute at Columbia University ("Knight Institute") and American Oversight (together, "Appellants") submit this reply in support of their Joint Motion to Expedite Consideration of the Pending Motion to Consolidate Appeals.

## ARGUMENT

Defendants–Appellees oppose expedition on three grounds, none of which has merit.

First, they assert that "good cause" to expedite an appeal requires "a particularized showing of irreparable harm or urgency." Defs' Opp. at 6. They do not cite a single case from this or any other appellate court and instead rely on two district court decisions that address motions to expedite specific types of district court proceedings. *Id.* at 6–7 (citing *Keeping Gov't Beholden, Inc. v. U.S. Dep't of Just.*, 17-cv-01569, ECF. No. 18 (D.D.C. Dec. 1, 2017), and *McCarty v. Roos*, Case No. 2:11-cv-01538-JCM, 2013 WL 5436578 (D. Nev. Sept. 27, 2013). Appellants readily satisfy the "good cause" standard that governs here, as explained in their opening brief and as further discussed below.

Second, Defendants–Appellees argue that this Court's decision to expedite the First Appeal does not support expedition here, because that determination was a

1

"case-management ruling by a motions judge in response to a different request and a different procedural posture." Defs. Opp. at 9. This makes no sense. The same rationale for expediting the First Appeal applies here: these appeals concern Appellants' statutory, common law, and First Amendment rights of access to a document of extraordinary public importance, and the public has an overwhelming interest in *prompt* access to Volume II. *See* ECF No. 65 at 4–6. Defendants–Appellees offer no reason why those considerations—which this Court credited in January 2026—have diminished. They have not. In fact, the need for expedition is stronger now: Appellants' original motions to intervene were filed in February 2025, more than fifteen months ago, but review of their claims remains stalled.

Third, Defendants–Appellees assert that Appellants cannot establish good cause for expedition, because Appellants' own action—filing the motion to consolidate—"triggered the suspension of briefing in their appeals." Defs. Opp. at 6.[1] That misses the point. By operation of the Court's rules, the consolidation motion

---

[1] Defendants–Appellees also assert that good cause is lacking because "Appellants have not once, but twice, sought expedited appeals without filing a CIP in the underlying appeal or in their motions." Defs. Opp. at 7. But Defendants–Appellees do not explain the supposed connection between these alleged "procedural deficiencies" and Appellants' grounds for expedition. There is none. Defendants–Appellees also misstate the facts. Appellants' first motion to expedite included a CIP, First Appeal ECF No. 10, and the current motion to expedite was filed after Appellants filed CIPs in both appeals, First Appeal ECF Nos. 16, 30, 65, and Second Appeal ECF Nos. 14, 17, 34. Defendants–Appellees also fail to mention their own violations of this Court's rules regarding CIPs. *See* First Appeal ECF Nos. 33 (notice

2

of course had procedural consequences—it automatically stayed further briefing. The motion was necessitated by the district court's decision to adjudicate Defendants–Appellees' newly filed motions that overlapped significantly with Appellants' First Appeal, and that the district court therefore should have stayed pending resolution of the appeal. The question is not whether filing the consolidation motion resulted in a stay of further briefing, but rather whether the motion should be resolved expeditiously. The good cause that warranted expedition of the First Appeal in January 2026 warrants prompt resolution of the consolidation motion now.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court (1) expedite consideration of the pending Joint Motion to Consolidate Appeals and Modify Briefing Schedule, ECF No. 55; (2) upon consolidation, enter the revised briefing schedule proposed in their motion; and (3) set the consolidated appeals for oral argument at the earliest available calendar. If the Court denies the motion, Appellants respectfully request that the Court, in the alternative, enter parallel expedited briefing schedules in both appeals and assign the appeals to the same panel for argument at the earliest available calendar.

 May 18, 2026                              Respectfully submitted,

---

of deficiency), 34 (notice of deficiency); Second Appeal ECF Nos. 28 (notice of deficiency), 35 (CIP filed after deadline set by Eleventh Circuit Rule 26.1-1(a)(2)).

3

/s/ Loree Stark

Loree Stark
Daniel Martinez
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org


Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131
Tel: (305) 728-0950
bllanes@gsgpa.com

*Counsel for Petitioner American Oversight*

/s/ Scott Wilkens

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
    Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org


David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
(305) 964-8003

*Counsel for Petitioner Knight First Amendment Institute at Columbia University*

4

5

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 719 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: May 18, 2026                    */s/ Scott Wilkens*
                                        Scott Wilkens

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: May 18, 2026　　　　　　　　　　　*/s/ Scott Wilkens*
　　　　　　　　　　　　　　　　　　　　　Scott Wilkens