Nos. 25-14507, 26-10674

In the
United States Court of Appeals
for the Eleventh Circuit

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY AND AMERICAN OVERSIGHT,
Interested Parties-Appellants,

DONALD J. TRUMP, WALTINE NAUTA, and CARLOS DE OLIVEIRA,
Defendants-Appellees.

On Appeal from the United States District Court for the Southern District of Florida, No. 23 Cr. 80101 (Cannon, J.)

# DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF JOINT MOTION FOR CONTINUANCE OF ORAL ARGUMENT AND NOTICE OF INTERVENING CIRCUMSTANCES

Richard C. Klugh
KLUGH WILSON LLC
*Counsel for Defendant-Appellee Waltine Nauta*

John S. Irving, IV
SECIL LAW PLLC
*Counsel for Defendant-Appellee Carlos De Oliveira*

Kendra L. Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Defendant-Appellee President Donald J. Trump*

**DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF JOINT MOTION FOR CONTINUANCE OF ORAL ARGUMENT AND NOTICE OF INTERVENING CIRCUMSTANCES**

Defendants-Appellees President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, by and through undersigned counsel, respectfully submit this reply in support of their joint motion to continue oral argument, and to provide the Court with notice of intervening circumstances affecting the grounds stated therein.

The circumstances warranting a reasonable continuance are substantial and unusual. After numerous changes and postponements of oral argument over the preceding months, the Court scheduled these consolidated appeals for argument in January 2027. Counsel reasonably organized their preparations around that schedule, including necessary consultations with President Trump concerning the significant legal interests implicated by these proceedings. However, on September 30, the Court unexpectedly advanced oral argument by more than eleven weeks, to November 2—just one day before the federal midterm elections—and with little more than four weeks' notice. That abrupt reversal of the Court's prior scheduling trajectory materially disrupted counsel's preparations, particularly given the President's extensive responsibilities and the longstanding commitments of his singular office.

Further, since Defendants-Appellees filed their motion on October 5, an additional development has reinforced the need for a continuance. On October 7, current and former Federal Bureau of Investigation ("FBI") agents involved in the underlying criminal investigation that led to these proceedings filed a new motion to intervene in the District Court, seeking permission to both disclose and publicly discuss non-public information covered by the District Court's February 23, 2026, Order prohibiting the release of Volume II. That motion raises significant issues overlapping with arguments made in these appeals, including those concerning the availability of intervention in criminal proceedings and Article III standing. Defendants-Appellees must now respond to that motion by October 21, with further briefing scheduled through October 28, just days before the currently scheduled November 2 oral argument. Counsel thus face the unjust prospect of simultaneously litigating substantially overlapping issues in two courts, without the opportunity to assess the District Court's treatment of the newly raised matters.

Defendants-Appellees also promptly advise the Court that the two federal trial conflicts previously identified by counsel for Mr. Nauta have been resolved. However, the resolution of those conflicts does not eliminate the independent grounds for a reasonable continuance. The previously identified scheduling conflict involving counsel for Mr. De Oliveira remains. More

importantly, neither the resolution of the federal trial conflicts, nor the arguments made by Appellants in their opposition, changes the exceptional circumstances created by the Court's acceleration of oral argument and the new, related intervention proceedings in the District Court.

Finally, the requested relief is modest. Defendants-Appellees seek only to restore oral argument to January 2027—the period this Court itself selected before unexpectedly advancing the date to November 2—or to an appropriate date thereafter. Such a continuance would impose no material prejudice on Appellants, while permitting counsel to complete necessary consultations, address the newly pending District Court proceedings, and prepare for argument in an orderly and fully informed manner. Given the unusual scheduling history of these appeals, the significance of the issues presented, and the intervening litigation in the District Court, these circumstances establish ample good cause for the requested continuance.

## ARGUMENT

### I. The Unusual Eleven-Week Acceleration of Oral Argument and Resulting Disruptions to Counsel's Preparations Warrant a Reasonable Continuance

The oral argument schedule in these appeals has shifted repeatedly over the course of several months, with argument scheduled for eight different dates and locations. *See* ECF No. 44 (week of June 22 in Jacksonville, Florida); ECF

No. 48 (week of June 22 in Miami, Florida); ECF No. 69 (week of September 28 in Miami, Florida); ECF No. 107 (week of November 2 in Atlanta, Georgia); ECF No. 119 (week of November 16 in Jacksonville, Florida); ECF No. 121 (week of January 11, 2027, in Birmingham, Alabama); ECF No. 122 (week of January 18, 2027, in Birmingham, Alabama); ECF No. 124 (November 2 in Atlanta, Georgia).[1] There were also substantial periods—totaling more than 13 weeks, and spanning three different intervals—during which no argument date was set.[2]

Until the most recent notice on September 30, every scheduling change by the Court moved oral argument to a later date, never an earlier one, and provided counsel with the opportunity to notify the Clerk about potential conflicts. Against that backdrop, counsel had no reasonable basis to anticipate that oral argument would suddenly be advanced by at least eleven weeks, from the week of January 18, 2027, to November 2, 2026, and with little more than

[1] "ECF" citations refer to the docket entry in lead case in the consolidated appeals, 11th Cir. Appeal No. 25-14507. "D. Ct. Doc." citations refer to the entry on the District Court's docket in the underlying criminal case, United States v. Trump, No. 23-cr-80101 (S.D. Fla.).

[2] No date was set for oral argument (i) from April 9 to June 5; (ii) from June 30 to July 17; and (iii) from August 25 to September 14.

four weeks' notice.[3]

The unusual timing concerns implicated by the Court's acceleration of oral argument to November 2 are especially consequential given President Trump's extensive and well-publicized travel schedule, including in advance of the federal midterm elections taking place on the very next day. *See, e.g.*, Peter Nicholas, *White House Plans Travel for Trump in At Least 17 States Ahead of the Midterms*, NBC NEWS (Oct. 1, 2026), *available at* https://www.nbcnews.com/politics/2026-election/white-house-travel-trump-17-states-midterms-rcna600978; Steve Holland, *Trump Says He is Embarking on 32 Days of Campaign Travel Before November Elections*, REUTERS (Sept. 29, 2026), *available at* https://www.reuters.com/world/us/trump-says-he-is-embarking-32-days-campaign-travel-before-november-elections-2026-09-29/.

The requested continuance is therefore not based on routine scheduling preferences. It is warranted by the exceptional timing and acceleration of oral argument, the significance of the issues on appeal, and the need to ensure that counsel can prepare with meaningful input from their clients.

---

[3] Appellants argue that Defendants-Appellees cannot claim "reliance" on the previously scheduled January oral argument date because the January assignment was "tentative" and remained in place for only 16 days. ECF No. 133 at 7. However, by the same reasoning, the Court's prior settings of oral argument for November 2 and November 18 were equally "tentative" and remained in place for only 20 days (from July 17 to August 6) and 19 days (from August 6 to August 25), respectively.

The fact that these appeals were briefed by the undersigned counsel in July does not undermine the request. The issues presented in these appeals are of substantial legal significance, and warrant careful consideration as well as thorough preparation by counsel before oral argument. As the District Court correctly concluded, release of Volume II—the *ultra vires* work product of an unconstitutionally appointed and funded "Special Counsel" who sought to wrongly convict and imprison President Trump, Mr. Nauta, and Mr. De Oliveira—would "plainly offend" the Dismissal Order and the Rule 16 Protective Order, both of which remain in force today; would cause "irreparable damage" to the former defendants from disclosure of non-public discovery material implicating still-contested grand jury and privilege concerns; and would "contravene basic notions of fairness and justice in the process, where no adjudication of guilt has been reached following initiation of criminal charges." D. Ct. Doc. No. 779 at 10.

The potential impact of these proceedings on those fundamental interests, combined with the unusual timing complications presented by the eleven-week acceleration of oral argument, and counsel's remaining travel conflict, provide Defendants-Appellees with ample good cause to make the request for a reasonable continuance. *See* 11th Cir. R. 34-4(g); 11th Cir. R. 34, I.O.P. 3(e) (providing for the "maximum advance notice of scheduling for oral

argument practicable").[4]

## II. The New Motion to Intervene in the Criminal Case Provides an Independent Basis for Continuing Oral Argument

Since Defendants-Appellees filed their joint motion on October 5, a new non-party motion to intervene has been filed in the District Court in the underlying criminal case.[5] The proposed intervenors—current and former FBI agents who participated in the criminal investigation that led to Jack Smith's since-dismissed prosecution of President Trump, Mr. Nauta, and Mr. De Oliveira in the Southern District of Florida—seek modification or clarification of the District Court's February 23, 2026, Order prohibiting the release of Volume II (and the information and conclusions contained therein) to permit them to both disclose and publicly discuss non-public information covered by the Order. *See* Ex. A at 16-17.

[4] The two federal trial conflicts involving counsel for Mr. Nauta have since been resolved. During a status conference on Friday, October 9, trial in *United States v. Agresti*, No. 18-cr-80124 (S.D. Fla.), was continued from October 19 to January 11, 2027. On the same day, the trial in *United States v. Rivera*, No. 22-cr-20552 (S.D. Fla.) was continued from October 26 to February 22, 2027. Accordingly, those two trials no longer conflict with the oral argument currently scheduled for November 2.

[5] The new motion to intervene was initially filed on September 24. However, the motion was struck from the District Court's docket for non-compliance with Local Rule 88.9(a) on October 1—days before Defendant-Appellees filed their joint motion to continue oral argument. *See* D. Ct. Doc. No. 808 (paperless order striking motion to intervene). The motion was subsequently re-filed on October 7. *See* D. Ct. Doc. No. 809 (attached hereto as Exhibit A).

The filing and pendency of that motion provides an independent basis for continuing oral argument. President Trump, Mr. Nauta, and Mr. De Oliveira have indicated their opposition to the requested intervention through undersigned counsel. Counsel expect to devote significant time and resources to preparing their responses during the period immediately preceding the currently scheduled oral argument in these appeals. This is not, however, a competing engagement unrelated to the appeals.

The new motion now pending in the District Court not only concerns the District Court's prohibitions on disclosure and dissemination of Volume II—the protections that lie at the heart of these consolidated appeals—but also raises significant questions concerning the availability of intervention in criminal cases, Article III standing, and the District Court's continuing jurisdiction over matters relating to Volume II. Each of those issues substantially overlap with the issues involved in these appeals.

Recognizing the limited availability of intervention in criminal cases, Appellants Knight Institute and American Oversight have nonetheless sought to intervene in the criminal case improperly brought by Jack Smith against President Trump, Mr. Nauta, and Mr. De Oliveira as part of a concerted effort to obtain access to and publicly release Volume II. *See generally* ECF No. 83 at 12, 33-38 (arguing "standing to intervene" in the criminal case to challenge the

District Court's prohibitions on release of Volume II); ECF No. 110 at 11-13, 15-25 (arguing a "right to intervene" to obtain access to Volume II).

Appellants have also sought to collaterally attack the District Court's February 23, 2026, Order prohibiting the release of Volume II in these appeals, claiming—wrongly—that their first notices of appeal divested the District Court of its jurisdiction over all matters relating to Volume II. *See, e.g.*, ECF No. 70 at 14-16 (arguing that the District Court lacked jurisdiction to permanently enjoin the release of Volume II); ECF No. 71 at 12-13 (arguing that the District Court's "failure" to stay all further proceedings relating to Volume II violated the *Griggs* principle).

The new motion to intervene filed by the current and former FBI agents in the District Court necessarily implicates and overlaps with those arguments made by American Oversight and Knight Institute.

Notably, the new proposed intervenors do not question the District Court's continuing jurisdiction over matters relating to its February 23, 2026, Order and Volume II. *See* Ex. A at 2 n.2 (citing D. Ct. Doc. No. 779 at 7 n.4 ("The Court notes that there is no pending notice of appeal that divests this Court of jurisdiction to enter this Order.")). Appellees have explained in these appeals why that position is correct. *See* ECF No. 91 at 64-69 (argument by the United States that there was no such divestiture of jurisdiction); ECF No. 93 at

81-85 (argument by Defendants-Appellees that such matters properly remain within the jurisdiction of the District Court).

Nor do the prospective intervenors expressly assert a "right to intervene" or "standing to intervene" in the criminal proceedings that is identical to those arguments made by Appellants. They do, however, incorrectly claim a legal basis for intervention based upon a "concrete interest" in obtaining modification or clarification of the District Court's February 23, 2026, Order, and seek to intervene "accordingly." *See* Ex. A at 2-4 (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)).

The District Court proceedings therefore bear directly on counsel's preparations for and presentation of oral argument on the intervention and jurisdictional issues in these consolidated appeals. Without a continuance, counsel must simultaneously brief overlapping issues in the District Court, while preparing to argue those same issues before this Court—and must do so without the benefit of the District Court's resolution.[6] A continuance until January 2027, or an appropriate date thereafter, would allow the District Court to address those issues in the first instance, thereby promoting the interests of

[6] Responses by the United States and the former defendants are presently due by October 21, 2026, with any reply by proposed intervenors due by October 28, 2026. *See* S.D. Fla. L.R. 7.1(c)(1).

judicial efficiency, and permitting this Court to account for any relevant developments. It would specifically provide counsel with an opportunity to complete briefing on the new motion to intervene, allow the relevant issues to develop in the District Court, and enable the parties and this Court to assess the effect, if any, of those proceedings on the arguments in these appeals in an orderly and fully informed manner.

## CONCLUSION

The circumstances implicated by the November 2 oral argument date establish a substantial and case-specific need for a reasonable continuance. Rescheduling would address the significant timing complications caused by the acceleration of oral argument from the week of January 18, 2027, to November 2, 2026, and would permit the completion and meaningful consideration of the overlapping issues presented by the new motion to intervene in the District Court. A continuance also would not prejudice Appellants' rights or materially delay the resolution of the consolidated appeals, as evidenced by the Court's prior decision to set oral argument for January 2027. For these reasons, Defendants-Appellees respectfully request that the Court grant their joint motion for a continuance, and reset oral argument for a date in January 2027 or an appropriate date thereafter.

Dated: October 12, 2026

By: /s/ Kendra L. Wharton
Kendra L. Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Defendant-Appellee*
*President Donald J. Trump*

/s/ John S. Irving, IV
John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave. NW,
Ste. 200
Washington, DC 20006
(301) 807-5670
jirving@secillaw.com
*Counsel for Defendant-Appellee*
*Carlos De Oliveira*

/s/ Richard C. Klugh
Richard C. Klugh
KLUGH WILSON LLC
40 N.W. 3rd Street, PH1
Miami, FL 33128
(305) 536-1191 (telephone)
(305) 536-2170 (facsimile)
rklugh@klughwilson.com
*Counsel for Defendant-Appellee*
*Waltine Nauta*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPESTYLE REQUIREMENTS

I, Kendra L. Wharton, counsel for Defendant-Appellee President Donald J. Trump and a member of the Bar of this Court, certify, pursuant to Federal Rules of Appellate Procedure 27(d)(1)(E), 27(d)(2)(C), 32(a)(5)-(6), and 32(g), that the foregoing motion is proportionately spaced, has a typeface of 14 points, and contains 2,427 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

October 12, 2026

By: /s/ Kendra L. Wharton
Kendra L. Wharton

## CERTIFICATE OF SERVICE

I, Kendra L. Wharton, counsel for Defendant-Appellee President Donald J. Trump and a member of the Bar of this Court, certify that, on October 12, 2026, the attached reply was filed through the Court's electronic filing system. I certify that all participants in the case are registered users with the electronic filing system and that service will be accomplished by that system.

October 12, 2026

By: /s/ Kendra L. Wharton
Kendra L. Wharton