**Nos. 25-14507, 26-10674**

---

**In the United States Court of Appeals**
**for the Eleventh Circuit**

---

UNITED STATES OF AMERICA, *Plaintiff–Appellee*,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY and AMERICAN OVERSIGHT,

*Interested Parties–Appellants*,

DONALD J. TRUMP, WALTINE NAUTA, and CARLOS DE OLIVEIRA

*Defendants–Appellees*.

---

On Appeal from the United States District Court for the Southern District of Florida, No. 23-cr-80101 (Cannon, J.)

---

# APPELLANTS' JOINT MOTION TO SCHEDULE ORAL ARGUMENT AT THE FIRST AVAILABLE SITTING

---

Loree Stark
Elizabeth Haddix
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131
(305) 728-0950

*Counsel for Appellant American Oversight*

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
(305) 964-8003

*Counsel for Appellant Knight First Amendment Institute at Columbia University*

Pursuant to Federal Rule of Appellate Procedure 27, Interested Parties–Appellants Knight First Amendment Institute at Columbia University ("Knight Institute") and American Oversight (together, "Appellants") respectfully move the Court to schedule oral argument at the first available sitting. On October 5, 2026, Defendants–Appellees moved to continue oral argument—then scheduled for November 2, 2026—until January 2027 or thereafter. ECF No. 132.[1] The Court granted the motion only in part, stating that it "will schedule oral argument at a time convenient to the panel and the attorneys." ECF No. 135. More than two weeks later, no date has been set. Appellants respectfully urge the Court to schedule oral argument at the first available sitting, because the rights of access at stake depend on timely adjudication—an urgency this Court recognized in granting the Knight Institute's motion to expedite briefing and oral argument, ECF No. 37—and because the grounds Defendants–Appellees offered for a continuance have fallen away or will soon expire.[2]

---

[1] "ECF" citations refer to the docket in case No. 25-14507. "Dkt." citations refer to the district court's docket in the underlying case, *United States v. Trump*, No. 23-cr-80101 (S.D. Fla.).

[2] The undersigned conferred with counsel for the parties regarding this motion. They indicated as follows: The United States takes no position on the motion. President Trump and Mr. De Oliveira oppose the motion, but only to the extent it seeks to schedule oral argument for a sitting before January 2027, or on a date that conflicts with counsel's existing commitments. Counsel for Mr. Nauta did not respond within the time requested.

**ARGUMENT**

The statutory, constitutional, and common law rights of access at stake are rights of timely access, which necessarily entail timely adjudication. *See Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014); *In re Associated Press*, 162 F.3d 503, 506–07 (7th Cir. 1998); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126–27 (2d Cir. 2006). And "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1271–72 (11th Cir. 2006) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)). Yet Appellants first moved to intervene in February 2025, Dkt. 717, 721, and more than twenty months later they have yet to obtain merits review of any of their access claims. This Court found "undue delay" in the district court's adjudication of Appellants' motions to intervene, and further delays only compound the harms to Appellants' rights of access.[3] The need for prompt adjudication is heightened by the extraordinary public significance of Volume II, which concerns allegations of grave criminal conduct by the nation's highest elected official.

[3] *In re Knight First Amend. Inst. at Columbia Univ.*, No. 25-13403, ECF No. 11 (11th Cir. Nov. 3, 2025); *In re Am. Oversight*, No. 25-13400, ECF No. 11 (11th Cir. Nov. 3, 2025).

Scheduling argument at the first available sitting would not impose any hardship on Defendants–Appellees, because each ground they offered for a continuance has fallen away or will soon expire. The trial conflicts of Mr. Nauta's counsel were resolved when both trials were continued to early 2027. ECF No. 134 at 2, 7 n.4. The personal travel of Mr. De Oliveira's counsel ends November 2. ECF No. 132 at 4. Counsel for President Trump sought time to confer with her client after the November 3 elections, ECF No. 132 at 6; ECF No. 134 at 1, which will have taken place well before any available sitting. And the ground first raised in reply—the need to respond to a motion to intervene filed in the district court by current and former FBI agents, ECF No. 134 at 2, 7–11—no longer stands in the way: Defendants–Appellees filed their opposition on October 21, Dkt. 811, and briefing is now complete, Dkt. 812, 813.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court schedule oral argument at the first available sitting.

October 29, 2026

Respectfully submitted,

/s/ *Loree Stark*
Loree Stark
Elizabeth Haddix
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114

/s/ *Scott Wilkens*
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
Columbia University
475 Riverside Drive, Suite 302

loree.stark@americanoversight.org

New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131
(305) 728-0950
bllanes@gsgpa.com

*Counsel for Appellant American Oversight*

David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
(305) 964-8003
david@bucknermiles.com

*Counsel for Appellant Knight First Amendment Institute at Columbia University*

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 669 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: October 29, 2026

*/s/ Scott Wilkens*
Scott Wilkens

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: October 29, 2026

*/s/ Scott Wilkens*
Scott Wilkens